OFFICE OF THE
## FEDERAL PUBLIC DEFENDER
## MIDDLE DISTRICT OF
## TENNESSEE

HENRY A. MARTIN
FEDERAL PUBLIC DEFENDER

810 BROADWAY, SUITE 200
NASHVILLE, TENNESSEE 37203-3805
MAIN TELEPHONE: 615-736-5047
COLLECT CALL LINE FOR INCARCERATED PERSONS: 615-780-6218
FAX: 615-736-5265

October 16, 2024

Kelly L. Stephens, Clerk
U.S. Court of Appeals for the Sixth Circuit
100 E. Fifth St., Room 538
Cincinnati, OH 45202-3988

Re: *United States v. Milder Escobar-Temal*, No. 24-5668

Dear Ms. Stephens:

The purpose of this correspondence is to respond to the Rule 28(j) letter filed by the government on October 16, 2025. *See* Fed. R. App. P. 28(j).

In its letter, the government asks this Court to adopt the Fourth Circuit's reasoning in *United States v. Carpio-Leon*, 701 F.3d 974 (4th Cir. 2012)[1] and conclude that 18 U.S.C. § 922(g)(5)(A)—the alien-in-possession statute—survives Second Amendment scrutiny because undocumented immigrants "do not belong to the class of law-abiding members of the political community to whom the Second Amendment gives protection." (Letter, pg. 1 (quoting *Carpio-Leon*, 701 F.3d at 979)).

However, that approach is incompatible with this Court's decision in *United States v. Williams*, 113 F.4th 637 (6th Cir. 2024). This Court reasoned in *Williams* that "[t]he law-abiding-citizens-only theory"—that is, the theory that the Second Amendment only protects the rights of law-abiding citizens—"fails as a matter of history and tradition." *Id.* at 647. It also criticized "other circuits"—which, per *Carpio-Leon*, would include the Fourth Circuit—for "read[ing] too much into" the "law-abiding, responsible citizen" language that the Supreme Court used in *Heller* and *Bruen*, noting that neither case says that "*only* law-abiding citizens have Second Amendment rights." *Id.* at 646-47 (emphasis in original).

---

[1] The government also references *United States v. Murillo-Lopez*, 151 F.4th 584 (4th Cir. 2025)—a post-*Bruen* decision in which the Fourth Circuit affirmed *Carpio-Leon*.

As such, this Court should reject the Fourth Circuit's approach, follow circuit precedent (i.e., *Williams*), and conclude that the fact that a person enters the United States illegally does not by itself exclude him from Second Amendment protection.

Sincerely,

s/ *Molly Rose Green*
MOLLY ROSE GREEN
Assistant Federal Public Defender
Office of the Federal Public Defender
810 Broadway, Suite 200
Nashville, Tennessee 37203
(615) 736-5047

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served on the Appellee through operation of the Court of Appeals Electronic Filing System, and to Milder Escobar-Temal at his current address, with sufficient postage to carry the same to its destination.

Dated this 16th day of October, 2025.

s/ *Molly Rose Green*
MOLLY ROSE GREEN